# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **EMPEROR ELDER**, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 13 C 8103 |
| **CHICAGO TRANSIT AUTHORITY**, **UNIDENTIFIED BUS OPERATOR**, **CHICAGO POLICE DEPARTMENT**, **UNIDENTIFIED CPD OFFICER-BADGE NUMBER 6837**, | ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Pro se plaintiff Emperor Elder ("Elder") unsurprisingly continues to exhibit misunderstandings of what federal practice and procedure call for.[1] This time he has filed what he labels his "Reply and Motion for More Definitive Statement," which is flawed in a number of respects.

To begin with, under Fed. R. Civ. P. ("Rule") 7(a)(7) no "reply" is called for in response to a defendant's answer to a complaint unless the court orders one -- as this Court has not. Next, the simple and straightforward provisions of Rule 8(b)(1)(B) preclude Elder from complaining, as his current motion does:

> The defendant's [sic] have only made simple admissions, denials and insufficient information.

---

[1] Earlier this month this Court issued a one-paragraph February 12 memorandum order that spoke to Elder's inappropriate filing of some discovery materials.

As for Elder's Motion for Definitive Statement, that is simply not the way that federal cases operate. Instead the federal practice allows a broad scope of discovery of various kinds, which Elder is free to pursue.

Finally, Elder's other currently filed "Motion for Protective Order and Strike" raises a potential issue -- any criminal record on his part -- that is simply not posed at this stage of the proceeding. As and when that may change, Elder would be free to raise the subject again.

In short, Elder's unfamiliarity with federal litigation has again caused unnecessary activity. Both his motions are denied.

_____
Milton I. Shadur
Senior United States District Judge

Date:  February 26, 2014