# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **EMPEROR ELDER**, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 13 C 8103 |
| **CHICAGO TRANSIT AUTHORITY**, et al., | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Nonlawyer Emperor Elder ("Elder") has elected to proceed pro se -- that is, on his own -- in this action he has brought against the Chicago Transit Authority ("CTA"), two of its employees and the City of Chicago. Although this Court reads the pleadings of pro se litigants through a more generous lens (see Haines v. Kerner, 404 U.S. 519 (1972)), when as here a lawsuit has reached the stage of a jointly approved final pretrial order ("FPTO"), that FPTO supersedes the parties' pleadings and establishes the ground rules by which the trial of the case will proceed -- and for that purpose the parties stand on an equal footing, bound by their agreements as embodied in the FPTO and by the court's rulings on motions in limine reserved in that document.

Unfortunately Elder does not recognize that principle, so that even the post-FPTO court hearing held on January 19 of this year -- a hearing convened to identify any remaining motions in limine requiring resolution before trial -- found Elder continuing to present a moving target[1]

---

[1] "Shifting sands" may be a more apt metaphor for Elder's attempt to inject new issues well after discovery had been closed and the parties had, in the FPTO, (1) fixed the areas mutually agreed upon and (2) identified any remaining matters that called for pretrial resolution.

by seeking to reraise issues already decided and to raise new issues (both of those efforts being impermissible at this stage of the litigation, for all that should remain at this point are this Court's (1) ruling on the parties' previously advanced motions in limine and (2) setting the case for trial. Because of the fluid and amorphous nature of Elder's contentions, it appears essential to pin the litigants down on the principles established to this point and, relatedly, to require them to identify the only remaining motions in limine that require court resolution.

Accordingly the parties are ordered on or before March 14, 2016 to file simultaneous statements (with paper copies being delivered to this Court's chambers, as called for by this District Court's LR 5.2(f)):

1. confirming this Court's decisions on all already-ruled-upon motions in limine (for which purpose it will be useful for the parties to specify the docket numbers of such motions and the dates on which the rulings were rendered) and

2. identifying any still-open motions in limine (again coupled with a listing of their docket numbers).

Depending on whether those submissions do or do not mesh, this Court either will promptly convene a status hearing to discuss any disparities or will rule on the jointly identified open items.

_____
Milton I. Shadur
Senior United States District Judge

Date: February 22, 2016